H. W. Huntington and Andrew T. Beasley, both of Buffalo, for appellants.

Mark P. Kerr, of Lancaster, for respondents.

PER CURIAM. This action was for trespass in cutting without plaintiffs' consent two shade trees, which plaintiffs alleged were at that time growing upon their land. Treble damages were demanded in the complaint. The defense was a general denial.

The court seems to have instructed the jury to the effect that one of the theories upon which plaintiffs might be found entitled to a recovery of damages was that, though the trees may at the time they were cut have been growing upon premises the fee of which was not in plaintiffs, yet if they were found to be within the limits of a public highway, upon which plaintiffs' premises abutted, and if their destruction was not necessary for the purpose of improving the highway, plaintiffs might still be entitled to damages for the destruction of the trees. Donahue v. Keystone Gas Co., 181 N. Y. 313, 73 N. E. 1108, 70 L. R. A. 761, 106 Am. St. Rep. 549. If the jury adopted this theory in awarding damages, then the damages awarded were for the loss of plaintiffs' easement in the trees, and not for cutting trees which plaintiffs owned. It seems that such damages, which are necessarily confined to the actual damages sustained, may be recovered in an action brought for treble damages under sections 1667 and 1668 of the Code of Civil Procedure. Dubois v. Beaver, 25 N. Y. 123, 82 Am. Dec. 326. But in such case the recovery is not had as owner of the trees cut, which is a prerequisite to the right to recovery of treble damages under the Code sections above referred to. So far as applicable to the present action, these sections provide only that treble damages may be recovered in a case where a person "cuts down * * * any * * * tree * * * on the land of another without the owner's leave." Kellar v. Central Telephone & Telegraph Co., 53 Misc. Rep. 523, 105 N. Y. Supp. 63.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide event, unless the plaintiffs, within 20 days after the entry of the order herein and notice of entry thereof, stipulate that the judgment may be amended as of the date of entry thereof by striking therefrom all provisions as to the award of treble damages, and that the damages awarded thereby be reduced to the sum of $150, in which case the judgment, as so modified, is affirmed, without costs of this appeal to either party.

---

(166 App. Div. 547)

## In re OSBORNE.

(Supreme Court, Appellate Division, Second Department. March 12, 1915.)

1. REMAINDERS ⬥4—"CONTINGENT REMAINDER."

A remainder over on the death of a life tenant to such persons as would take her property at her death under the statute of distributions during her lifetime, and while her husband, father, mother, brother, and sisters were living, was a "contingent remainder," as none of them might sur-

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

vive her, in which event her next of kin would take directly, and not by representation.

[Ed. Note.—For other cases, see Remainders, Cent. Dig. § 2; Dec. Dig. ☞4.

For other definitions, see Words and Phrases, First and Second Series, Contingent Remainder.]

2. TRUSTS ☞273—STOCK DIVIDEND ON PRINCIPAL—RIGHTS OF LIFE TENANT· AND REMAINDERMEN.

Where a stock dividend on stock held in trust was to be apportioned between the life tenant and the trustee for the remaindermen in proportions depending upon the amount of the surplus of the corporation at the time such dividend was authorized, that the same meeting of directors which declared such dividend, which had been previously authorized by the stockholders, also authorized a cash dividend of $1,800,000 out of the profits of the corporation, the authorization of the stock dividend and of the cash dividend did not make it the same transaction, and the respective shares would be determined on the basis of the corporation's surplus after the stock dividend and before the cash dividend was authorized.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 386; Dec. Dig. ☞273.]  •

Appeal from Surrogate's Court, Kings County.

In the matter of the judicial settlement of the accounts of James· W. Osborne, as executor and trustee under the will of Eugene La Grove, deceased. From part of a decree of the Surrogate's Court, the executor and trustee appeals. Decree, in so far as appealed from,. affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and· RICH, JJ.

Gilbert D. Lamb, of New York City (Robert D. Petty, of New York City, on the brief), for appellant.

Jerry A. Wernberg, of Brooklyn, for respondent.

CARR, J.   This is an appeal from a decree of the Surrogate's Court in Kings County. It is the last phase of a litigation which has been before this court in 153 App. Div. 312, 138 N. Y. Supp. 18, and before the Court of Appeals in 209 N. Y. 450, 103 N. E. 723, 823, 50 L. R. A. (N. S.) 510.

[1] In the Court of Appeals, certain rules were declared as to the· apportionment of a corporation stock dividend between a life tenant and the trustee of a fund held for her life, with remainder over on her death to such persons as would take her property at her death under the statute of distributions. She is yet alive, and she has a husband, father, mother, brother, and sisters. The remainder seems· to us contingent, as none of these persons may survive the life tenant, in which event her next of kin would take directly, and not by representation. All these persons were brought into the accounting: proceeding, none of them has appealed, and therefore the life tenant urges that this appeal by the trustee should be dismissed. We think. this contention is not good under the facts of this case.

[2] The Singer Sewing Machine Company declared a stock dividend in which this estate is interested to the extent of 2,290 shares.. Under the decision of the Court of Appeals, this stock dividend is·

apportionable between the life tenant and the trustee in proportions depending upon the amount of the surplus of the corporation at the time stock dividend was authorized. The life tenant claims 652.722 shares; while the trustee contends that the life tenant is entitled to but 527.722 shares. As the shares of this corporation are very valuable, the money value in dispute is very substantial. The controversy arises as follows:

On June 2, 1910, the directors of the Singer Company adopted a resolution to call a special meeting of the stockholders to pass upon the question of a stock dividend. On June 16th the special meeting of the stockholders authorized the stock dividend, and "to *issue forthwith* in payment thereof certificates of fully paid nonassessable stock, to the stockholders of record at this date, in the amounts in which they are respectively entitled to the same." On June 17th the directors met and declared the stock dividend, and directed the certificates "to issue forthwith." As a matter of fact, the certificates were not delivered until some days later.

There is no dispute as to the law, by either counsel, that the right to the stock became vested when the dividend was authorized, even though the certificates were actually delivered later. If there was no other circumstance in this case, then the surplus of the corporation would be computable at the time the stock dividend was authorized, and the life tenant would be right incontestably in her claim as to the proportion of the stock dividend to be allotted to her. However, at the same meeting of the directors of the Singer Company, but *after* the stock dividend was authorized, a resolution was adopted authorizing a cash dividend of the sum of $1,800,000 out of the profits of the corporation. The trustee contends that, as both resolutions were adopted at the same meeting, they must be considered as but one transaction, and that the amount of the cash dividend of $1,800,-000 must be considered as having been deducted from the surplus of the corporation as a basis for the declaration of the stock dividend.

We think not. The cash dividend was declared by the directors in the fullness of their power as directors. The stock dividend was authorized by the stockholders at prior special meeting, and in making the stock dividend the directors but carried out the authorization of the stockholders, and when that dividend was declared the transaction was consummated and all rights were vested. The subsequent declaration by the directors of a cash dividend, later in order, is not to be transferred from its actual order, so as to give it an effect qualifying the declaration of the stock dividend. The facts are unusual, and no direct precedents are cited by any party to the appeal.

The decree of the Surrogate's Court of Kings County, in so far as appealed from, should be affirmed, with costs to the trustee and the life tenant, payable out of the estate. All concur, except JENKS, P. J., who took no part.